**In re GRAND JURY INVESTIGATIONS OF the CERRO MARAVILLA EVENTS.**

**SPECIAL INDEPENDENT PROSECUTOR, Petitioner, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 85–1768.

United States Court of Appeals, First Circuit.

Argued Feb. 3, 1986.

Decided Feb. 13, 1986.

Patricio Martinez-Lorenzo for petitioner, appellant Sp. Independent Pros.

Frank D. Allen, Jr., Civil Rights Div., U.S. Dept. of Justice, Washington, D.C., with whom Walter W. Barnett, Civil Rights Div., U.S. Dept. of Justice, Washington, D.C., Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., and William Bradford Reynolds, Asst. Atty. Gen., Washington, D.C., were on brief for appellee.

Before CAMPBELL, Chief Judge, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

■ The Commonwealth of Puerto Rico appointed the appellant, the Special Independent Prosecutor, to investigate possible crimes arising out of the shooting deaths of two persons arrested as terrorists at Cerro Maravilla. The Special Prosecutor asked the federal district court to release the transcripts of three federal grand jury proceedings connected with the Cerro Maravilla events. The district court denied the requests on the ground that the prosecutor had not made a showing of "particularized need," which Federal Rule of Criminal Procedure 6(e)(2) requires as a condition to a breach of the general rule of grand jury secrecy. *United States v. Sells Engineering, Inc.,* 463 U.S. 418, 444, 103 S.Ct. 3133, 3148, 77 L.Ed.2d 743 (1983); *Illinois v. Abbott & Associates, Inc.,* 460 U.S. 557, 566–67, 103 S.Ct. 1356, 1360–61, 75 L.Ed.2d 281 (1983); *Douglas Oil Co. v. Petrol*

*Stops Northwest,* 441 U.S. 211, 222–23, 99 S.Ct. 1667, 1674–75, 60 L.Ed.2d 156 (1979). The Special Prosecutor appeals from the denial.

■ At oral argument we learned two significant additional facts. First, the Special Prosecutor apparently agrees that his request for grand jury access can be supported with more specific, detailed reasons —that, in effect, his presentation may have been too broad and general to have allowed the district court to weigh properly his particular needs against the need for continued secrecy. The Special Prosecutor has stated that he intends to file another request for access, this time specifying in significantly greater detail precisely what he needs and exactly why he needs it. Second, the United States Department of Justice has noted that it will be willing to consider such requests as the Special Prosecutor may address to it for access. *See* Fed.R.Crim.P. 6(e)(3)(C)(iv). ("Disclosure otherwise prohibited by this rule of matters occurring before the grand jury may also be made—... when permitted by a court at the request of an attorney for the government, upon a showing that such matters may disclose a violation of state criminal law, to an appropriate official of a state or subdivision of a state for the purpose of enforcing such law."). The Department adds that it will "join him in requesting appropriate court orders to release these transcripts" if the prosecutor "furnishes fair suspicion, that an injustice would be done in any of the local proceedings for which [the Special Prosecutor] is responsible."

Consequently, we affirm the district court's dismissal of the Special Prosecutor's request. Our affirmance is without prejudice to the prosecutor making a more specific, detailed and particularized "access" request and is also without prejudice to any request the Justice Department may wish to make under Rule 6(e)(3)(C)(iv).

*Affirmed.*